# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6734 | **DATE** | 10/12/2012 |
| **CASE TITLE** | Williamson vs. Donohoe | | |

**DOCKET ENTRY TEXT**

The complaint is dismissed for lack of jurisdiction. Plaintiff's application for leave to proceed *in forma pauperis* [4] is denied. The motion for appointment of counsel [5] is moot. Civil case terminated.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

Plaintiff Katrina Williamson has filed a form Complaint of Employment Discrimination. She alleges that the United States Postal Service (USPS) terminated her employment on May 17, 2010, that she filed a complaint of employment discrimination with the USPS in January and June, 2010, and that she received a Final Agency Decision on September 2, 2010. The Final Agency Decision attached to her complaint, however, is dated May 31, 2012 (Dkt. No. 1, Page ID Nos. 6-8), and this date is accepted as the date of the Final Agency Decision. This case was filed on August 22, 2012 and is therefore timely under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), and other potentially applicable time limits for filing a complaint in the district court.

A variety of federal laws prohibit discrimination in the terms and conditions of employment based on age, color, disability, national origin, race, religion, or sex. (See ¶ 9, form Complaint, citing Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Rehabilitation Act, and the Civil Rights Act codified at 42 U.S.C. § 1981.) In addition, these laws prohibit retaliation against an employee who exercises her rights under these laws.

Plaintiff's complaint fails to allege that plaintiff was discriminated against based on any of the grounds prohibited by these laws. Although the complaint alleges that plaintiff was retaliated against, it does not allege that she exercised her rights under the anti-discrimination laws, which would be necessary before an employer might retaliate against her for having done so. Moreover, materials attached to the complaint include plaintiff's Investigative Affidavit, apparently submitted to the USPS in connection with her administrative complaint. In response to a question in that document regarding what protected activity plaintiff believed was a motivation for the action against her, plaintiff recited that "punitive action" was taken against her in violation of a provision of a collective bargaining agreement.

| STATEMENT |
|---|
| Plaintiff's allegations seem to describe unfair treatment by USPS in that it failed to consider her side of a conflict with another employee. She alleges that she has a pending grievance with her union. From the description of the facts set out in the Investigative Affidavit, the court infers that plaintiff's complaint concerns her rights under a collective bargaining agreement. This court lacks jurisdiction to hear and decide such a claim. For these reasons, the complaint must be dismissed. |